United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| CLAY HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-CV-172 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Clay Howard, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In WCU #12-12-0533, Howard was found guilty of possessing drug paraphernalia. (*Id.*; DE 6-1.) As a result he lost 60 days of earned-time credits and was demoted to a lower credit-earning class. (DE 6-1.) After Howard filed this petition, the Indiana Department of Correction ("IDOC") final reviewing authority decided to vacate the disciplinary conviction at issue, and to remove all sanctions from Howard's record. (DE 6-2.)

Based on the action of the final reviewing authority, the respondent moves to dismiss the petition as moot. (DE 6.) As the respondent points out, because the disciplinary conviction at issue has been vacated, there is no longer anything for this court to review. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."); *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas proceeding only if it lengthened the duration of the petitioner's confinement). More than 90 days have passed since the motion to

dismiss was filed, and Howard has not filed any response or objection. Accordingly, this action will be dismissed.

For the reasons set forth above, the motion to dismiss (DE 6) is **GRANTED**, and the petition (DE 1) is **DISMISSED** as moot.

**SO ORDERED** on January 24, 2014.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division